The following was the opinion of this Court, which Judge Roane delivered.
The Court
is of opinion, that, as the will of Christopher Hudson, was consummated, in favour of the appellee F. E. Hudson, by that of Eliza Hudson his widow and trustee, (though improperly consummated,) the said F. E. Hudson is to be considered as holding the negroes thereby appointed, adversely, in relation to the appellants, as much so, as if the Will of the original testator had been perfected by himself; and that, quoad the appellants, the appellee F. E. Hudson is not so to be considered a trustee, as to bar him from relying on the act of limitations. There was no special trust or confidence reposed in him which should have that effect; and he stands merely in the common situation of a man who has obtained property to which he is not entitled. Denying tt> him, therefore, the benefit of the Act of Limitations, would go far to repeal the operation of that act altogether. The Court is also of opinion, that, although five years had not elapsed between the death of William C. Hudson, the father of tfie appellants, (some of whom are infants,) and the time when the appellee F. E. Hudson administered on the estate of Ms mother, and probably got possession of the negroes in controversy, that circumstance would not prevent the statute from affording a bar; the principle being that, when the act once begins to run, it runs over all mesne acts, such as coverture, infancy, Ac., and that it would defeat the statute, if, after the lapse of four years, the death of the plaintiff and infancy of his issue were to set all at large again. (1 Stra. 556, Gray v. Mendez,)
*356 The Court is also of opinion, that the possession of F- Hudson in this case was in his character of appointee of his mother, and not in that of her administrator; ^or ^ was no^ ^ier property,nor could he recevoeit as such. But the opinion of the Court is that, where it is necessary plead the act of Limitations, it ought, in order to form a bar, to be specially pleaded, or at least insisted on.— A general averment, such as that in the answer of F. E. Hudson, that William C. Hudson lived many years after the death of his mother, and did not claim the property, is not sufficient. It does not assert, or necessarily import this delay to have been iorfive years; and the expression may be as well satisfied by four years and eleven months as by five years. It is important that the. term prescribed by the Statute should be particularly (tho* not formally) pleaded, or relied on, to let in the plaintiff to shew, in his replication, that, within that term, an original had been sued out, if the fact were so, (4 Bac. 484,) and thus to avoid the bar: but such replication might be deemed immaterial, if not impertinent, in a case in which the delay to sue for the full term prescribed by the statute had not been put in issue by the defendant. Altho’ the statute might have been pleaded in this case, therefore, the opinion of the Court is, that it has not been so pleaded or relied on; and we are driven to decide the cause upon it’s merits.
On those merits, the Court holds the principle to be, that, where a power is given to a trustee to distribute an interest among all the children, he cannot give it all to one, nor wholly exclude any, nor can he appoint any part of the subject to the grandchildren, of the testator. An appointment violating this principle, (as the present does in all it’s members,) will be avoided in Equity, and the property distributed among the children and their representatives. All these points were decided by this Court in the case of Owen v. Morris (2 Call 520.) If there was nothing else in this case, therefore, the Court would give it this destination, as to the negroes and their profits; debiting the appellee, at the same time, with the full value of one of the negroes, admitted to have been *357 sold by him, and converted to his own use. It is, however, probable, that, altho’ the appellee has no other title to the slaves in controversy, such title may have accrued in his favour by an actual adverse possession of them for more than five years. That such possession will give a title to a defendant, (as well as a plaintiff,) and without pleading the Act of Limitations, has been often decided in this Court. We refer particularly to the cases of Jordan v. Murray 3 Call 85, and Garth’s executor v. Barksdale, 5 Munf. 101. Altho’ it is probable, from this record, that this possession did actually exist in the appellee in the case before us; and that a jury might deem itself justified to infer it, from the facts admitted and proved in the case, and other testimony which might be offered on the trial of an issue; there is not enough conceded, on this record, to enable the Court to infer that fact, with certainty. The Court must therefore avail itself of an issue to ascertain that fact; and, more particularly, to find whether or not an actual possession of the negroes in question commenced with the appellee during the life time of Wm. C. Hudson, and continued five years or longer. We would restrict the commencement of such possession to the life time of the appellee’s ancestor; for it is not supposed that a possession commencing during the infancy of a plaintiff, should operate a title, in favour of a defendant, until such possession had continued five years after his infancy had ceased.
The decree is to be reversed with Costs; the cause remanded, and an issue directed, for the purpose aforesaid; on the return of which, the decree is to be rendered for the appellants, or appellee, tinder the principles of this decree, according as the finding of the issue may be in favour of one or the other of the parties.